## UNITED STATES v. ENGEMAN et al.[1]

(District Court, E. D. New York. July 7, 1891.)

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—INTEREST ON AWARD.
   After the commissioners have reported the value of land condemned to the use of the United States, under Act Cong. Aug. 18, 1890, (26 St. at Large, 316,) the owner of the land is entitled to interest on the amount reported, from the time when the right of the government to take the same attaches to the time when payment for the land is made.

2. SAME—COSTS—ALLOWANCE.
   In such proceeding, the owner of the property condemned is entitled to costs and an allowance, in accordance with the provisions of the laws relating to the condemnation of property of the state wherein the property is situated.

At Law. See 45 Fed. Rep. 546, and 46 Fed. Rep. 176.

*Jesse Johnson*, U. S. Dist. Atty.

*Thomas E. Pearsall*, (*R. D. Benedict*, of counsel,) for defendants.

BENEDICT, J. The report of the commissioners appointed to ascertain the compensation to be made to the above-named owners for property at Plum island, to be taken for the use of the United States, having been filed, the district attorney now moves for its confirmation. No opposition being made, an order will be entered confirming the report. The owners of the property at the same time apply for the insertion in the order of confirmation of a provision for the payment of interest from the date of the confirmation of the report. The district attorney opposes the allowance of interest. In my opinion, however, interest should be allowed from the date of the confirmation of the report. The commissioners have ascertained the present value of the land to be taken, and the owners of the land should have interest on the present value of the land from the time when the right of the United States to take the same attaches to the time when payment for the land is made. The owners of the property likewise apply for costs under the provision in the statute of the state of New York, in accordance with which this proceeding is, by the statute of the United States, required to be prosecuted. The district attorney objects upon the ground that, in proceedings in the courts of the United States, only the costs provided by the statute of the United States can be allowed. My opinion, however, is that the rule applied in ordinary suits does not apply to a proceeding like this, which is required by the statute "to be prosecuted in accordance with the laws relating to condemnation of property of the states (*sic*) wherein the property may be situated." 26 St. at Large, p. 316. This statute requires the present proceeding to be in accord with the general condemnation act of the state of New York, passed in 1890. That act provides as follows:

"If the compensation awarded shall exceed the amount of the offer, with interest from the time it was made, or, if no offer was made, the court shall,

---

[1] Reported by E. G. Benedict, Esq., of the New York bar.

in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, at the same rate as is allowed, of course, to the defendans when he is the prevailing party in an action in the supreme court, including the allowances for proceedings before and after notice of trial; and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded."

If under the statute of the United States above quoted, which omits the words "as near as may be," any provision of the state statute can be rejected, I see no occasion to reject the provision for costs, which fails to come within the description of provisions that may be rejected as given by the United States supreme court in *Railroad Co.* v. *Horst,* 93 U. S. 301. This provision, which it will be observed requires costs to be paid by the plaintiff to the defendant, as of course, in a case like this, when presented in a court of the state, should, in my opinion, be given effect in a proceeding in a court of the United States, which is required by a statute of the United States to proceed in accord with the statute of the state. The property owners also ask for the allowance provided for in the state statute. That statute permits an allowance of 5 per cent. upon the amount awarded. In this case the amount awarded is $90,-000, but, as the United States were willing to pay $50,000, all the land-owners are properly entitled to is an allowance to be calculated upon the difference between $50,000 and the amount of the award, which is $90,000. Five per cent. on this difference is $2,000, and an allowance of this amount is granted.