## Wytheville.

## CITY OF RICHMOND V. H. W. GOODWYN, ET ALS.

### June 15, 1922.

1. APPEAL AND ERROR—*Amount in Controversy—Eminent Domain Proceedings—Allowance of Interest on Compensation Awarded.* —A writ of error was allowed from a judgment allowing interest on the compensation awarded landowners on properties acquired by eminent domain proceedings by a city. Defendants in error contended that the writ of error should be dismissed because the amount involved was not sufficient to support the same, contending that the controversy was not concerning the condemnation of property, but concerning the payment of $236.85 allowed as interest, a matter less in value or amount than $300, and that, therefore, the writ of error was improvidently awarded.

   *Held:* That, under section 6336 of the Code of 1919, the motion to dismiss the writ of error should be overruled.

2. APPEAL AND ERROR—*Amount in Controversy—Eminent Domain Proceedings—Allowance of Interest on Compensation Awarded.* —It is manifest that where interest is allowed it constitutes a part of the "just compensation" which must be paid by the condemnor, in order to secure the property desired, and involves a matter "concerning the condemnation of property" within the meaning of the Constitution of 1902, Art. VI, sec. 88, and sec. 6336 of the Code of 1919.

3. EMINENT DOMAIN—*Interest on Amounts Awarded Property Owners.*—Interest, in a proper case, may be allowed upon amounts awarded property owners in condemnation cases.

4. EMINENT DOMAIN—*Interest on Amounts Awarded Property Owners—Virginia Statute.*—The Virginia statute concerning the exercise of the power of eminent domain is silent on the question of interest, except when, after payment into court, a report is made which is confirmed, and the sum thereby ascertained exceeds what was so paid, it is provided that the condemning party shall pay interest on such excess from the date of the award, until payment thereof into court or to the party entitled thereto.

5. EMINENT DOMAIN—*Interest on Amounts Awarded Property*

*Owners—Upon what Allowance Depends.*—Whether interest on the award should be allowed must depend upon the construction of the local statute, in the light of the constitutional provision that private property shall not be taken for public use without just compensation, the report of the commissioners and all the facts and circumstances surrounding the case.

6. EMINENT DOMAIN—*Interest on Amounts Awarded Property Owners—Time from which Interest Computed.*—The commissioners, in fixing compensation for property taken or damaged, are presumed to have allowed for the inconveniences, damage and delay arising out of the proceedings, certainly to the date of the filing of their report, and for three months thereafter. But the condemnor has no right to wait an indefinite time thereafter, and then come forward and take the property at that valuation without the payment of interest thereon.

7. EMINENT DOMAIN—*Interest on Amounts Awarded Property Owners—Time from which Interest Computed.*—Under the provisions of the Virginia statute, the landowner cannot demand payment of interest on the allowance of the commissioners, either from the institution of the proceeding or from the date of the filing of the report; and the payment of the amount ascertained by them into court is equivalent in law to a payment of the same to the landowner, and terminates his right to demand further payment of interest thereon, certainly in a case where he is not contesting the legality of the proceeding or the award of the commissioners.

Error to a judgment of the Hustings Court of the city of Richmond in eminent domain proceedings. Judgment for defendants. Plaintiff assigns error.

*Amended and affirmed.*

The opinion states the case.

*George Wayne Anderson* and *H. R. Pollard,* for the plaintiff in error.

*A. W. Patterson* and *H. W. Goodwyn,* for the defendants in error.

WEST, J., delivered the opinion of the court.

This case is before us on a writ of error to a judgment of the Hustings Court of the city of Richmond.

On November 19, 1919, a condemnation proceeding was instituted in said court by the city of Richmond to acquire, for street purposes, certain lands, a part of which belonged to the defendants in error. The commissioners appointed by the court to assess the value of such lands made and filed a report on October 23, 1920, ascertaining that the said several defendants were entitled to compensation as follows: H. W. Goodwyn, $3,151.90; J. T. Patterson, $3,-033.00; M. C. Patterson, $1,102.50—to which report no exceptions were taken. No payment or deposit was made by the city of Richmond within three months from the date of the filing of said report, and counsel for said defendants gave notice that on April 26, 1921, he would move to vacate said proceeding. Thereupon, the city called a meeting of its council and provided for the required payments, and deposited to the credit of the hustings court, in the National State and City bank, Richmond, Va., the amounts due said defendants, taking a certificate therefor, which was on the same day filed with the papers in the cause.

The city attorney immediately notified all to whom compensation and damages had been allowed, and requested of the court an order authorizing checks to be drawn in favor of all said parties. The defendants in error then, for the first time, claimed interest upon the compensation and damages allowed them; and on May 4, 1921, said report of said commissioners was confirmed, without passing upon the question of the amount of interest to which the defendants. H. W. Goodwyn, J. T. Patterson and M. C. Patterson were entitled, if any.

On May 14, 1921, James T. Patterson and M. C. Patterson, by their attorney, appeared in court, after notice of

their purpose so to do, and moved the court to allow them interest at the rate of six per centum per annum from the date of the filing of the said report of said commissioners, to-wit, October 23, 1920, until the day on which the funds to pay said awards were deposited in bank, as aforesaid, to-wit, April 25, 1921, and additional interest at the rate of three per centum per annum from said last-mentioned date to the date on which payments should be made; and H. W. Goodwyn having indicated to the city attorney his wish to be considered as also advocating the granting of said motion, the city attorney appeared and objected to the allowance of the said interest, but the court overruled said objection and, on May 24, 1921, entered an order allowing the same. The judgment entered on said motion, allowing interest, as aforesaid, is the judgment complained of.

The plaintiff in error relies upon one assignment of error, namely:

The action of the Hustings Court of the city of Richmond in allowing the defendants in error interest, on the compensation awarded them for the properties acquired by the city, under the order of May 24, 1921.

The defendants in error rely, first, on their motion to dismiss the writ of error, because the amount involved is not sufficient to support same; and, second, on cross error, that the hustings court allowed interest to defendants in error only from the date of filing the commissioners' report; when interest should have been allowed from the institution of the proceedings.

This confines our consideration of the case to two questions:

1. Was the writ of error improvidently awarded?

2. Are the defendants entitled to any interest on the amounts awarded them as compensation for their lands, and, if so, from what date?

The judgment complained of allows interest to the de-

fendants in error as follows: James T. Patterson, $98.57; M. C. Patterson, $35.84, and H. W. Goodwyn, $102.44, making a total allowance of interest of $236.85.

[1] The defendants contend that, as they are not complaining that the city has no right to condemn, nor that the award of the commissioners is insufficient, "the controversy" here is not "concerning the condemnation of property," but concerning the payment of $236.85 allowed as interest, a matter less in value or amount than three hundred dollars, and that, therefore, the writ of error was improvidently awarded and should be dismissed.

In this contention we cannot concur.

Section 6336 of the Code (1919) reads, in part, as follows: "Any person who thinks himself aggrieved by any judgment, decree or order in a controversy concerning * * * the condemnation of property * * *, irrespective of the amount involved, * * * may present a petition * * * for a writ of error or supersedeas to the judgment or order."

The subsequent clause of this section, "except as provided in the following section," has no application to any judgment, decree or order in a controversy "concerning the condemnation of property," or concerning certain other matters therein specified.

Section 88, Article VI of the Constitution of the State of Virginia, provides, in part, as follows: The Supreme Court of Appeals "shall not have jurisdiction in civil cases where the matter in controversy, exclusive of interest and costs, and of interest accrued since the judgment in the court below, is less in value or amount than three hundred dollars, *except* in controversies concerning the title to or boundaries of land, the condemnation of property, * * * or some other matter not merely pecuniary."

It is said by this court, in *Wilburn* v. *Raines*, 111 Va. 339, 68 S. E. 993: "The condemnation of private property for

road purposes involves the exercise of dual functions. The one, the power of eminent domain, as an attribute of sovereignty, may be exerted by the legislature directly, or it may select such agencies as it pleases and confer upon them that right; the other, the matter of ascertaining a just compensation for the property condemned, is judicial in its character and the owner is entitled to have that question investigated and determined by an impartial tribunal, and, under section 88, Article VI of the Constitution, with the ultimate right of appeal to this court."

The principle supporting an interest allowance is the duty and obligation to make just compensation. Whatever is an essential element in that compensation cannot be excluded, even by legislative enactment. *United States* v. *Rogers,* 168 C. C. A. 437, 257 Fed. 397.

[2] It is manifest that where interest is allowed it constitutes a part of the "just compensation" which must be paid by the condemnor in order to secure the property desired, and involves a matter "concerning the condemnation of property" within the meaning of the Constitution and statutes already referred to.

The motion to dismiss the writ of error will be overruled.

[3] This brings us to the consideration of the remaining question to be disposed of, namely: Are the defendants in error entitled to any interest on the amounts awarded them as compensation for their lands, and if so, from what date? The authorities, generally agree that interest, in a proper case, may be allowed upon amounts awarded property owners in condemnation cases, but there is much conflict among them as to when, or the time from which, it should be allowed; due in large measure to the fact that in some States the matter of allowing interest is regulated by statute.

In Mills on Eminent Domain, section 175 (499), we find this: "Interest should run from the time of the taking

\* \* \*. Interest will always run from the time of the demand. If the payment is delayed by litigation, interest should be allowed. \* \* \* The court will always allow interest, unless a tender or deposit is made. \* \* \* The right to use the land is not always equivalent to the interest, for the owner cannot dispose of his land, or rent or improve it. \* \* \* Delays in payment required interest to be paid; but where there is a delay of only two days between the award and the tender of the money, the interest will be disregarded by the courts."

In 2 Lewis on Eminent Domain, the author, at section 742 (499), states the law thus: "In the absence of any statutory provisions controlling the subject, the rule in respect to interest must be derived from the constitutional provisions requiring just compensation to be made for the property taken. \* \* \*

"Where damages are assessed for property to be afterwards taken, the award or verdict should bear interest from the time with reference to which the damages are estimated. \* \* \* The point of time must necessarily be before the compensation can be paid. Between that time and the payment, the owner has only a qualified use of his property. He may use it as it is, but he cannot improve or sell it except subject to rights acquired by the condemnation. As his compensation is withheld from him, though necessarily, he should have an equivalent for such withholding, and that, in law, is legal interest. This is just to the owner. \* \* \* While the assessed value, if paid at the date taken for the assessment, might be just compensation, it certainly would not be, if payment be delayed, as might happen in many cases. \* \* \* It is true, until the company (city) actually takes possession, at the end of the proceedings, the owner has the legal right to possess and use the land. It cannot be assumed that the value of this legal right is equivalent to the interest on the assessed value of the land.

His possession is precarious; he cannot safely improve; if he sows, he cannot be sure that he will reap. As he is not placed in this position by any act of his own, is not in as a wrongdoer, nor under any contract, there would be no justice in charging him with any assumed value of the use." But see *State Highway Com.* v. *Kreger,* 128 Va. 203, 211-12, 105 S. E. 217.

In *Reed* v. *Chicago, etc., Ry. Co.* (C. C.), 25 Fed. 886, Judge Shiras says: "A consideration of the rights of the parties under the right of way act shows that it is impossible in these cases for the jury to fix by the verdict the amount of interest to be paid. Whether any interest is recoverable depends upon circumstances. * * *

"These and other like considerations show that in cases of this character, being proceedings of a peculiar nature, the only way in which the rights of all can be fully protected is for the jury to assess the damages as of the date of the assessment by the sheriff's jury, and then, upon the rendition of the verdict, for the court to make the proper order touching the question of interest. Until the verdict is rendered, it cannot be known whether plaintiff may be entitled to interest. When this is determined by the amount of the verdict, the court can then make the proper order, and the same will form part of the adjudication settling the damages. * * *"

After the commissioners have reported the value of the land condemned to the use of the United States, under act of Congress, August 18, 1890 (26 St. at Large, 316), the owner of the land is entitled to interest on the amount reported, from the time when the right of the government to take the same attaches to the time when payment for the land is made. *U. S.* v. *Engeman* (D. C.), 46 Fed. 898.

Chief Justice Winslow, in delivering the opinion of the Wisconsin Supreme Court in *Appleton* v. *R. Com.,* 154 Wis. 121, 142 N. W. 476, says: "Just compensation must mean

29

fair and reasonable value at the time the property is taken; just compensation for the property presently taken must necessarily mean its present value presently paid; it cannot mean its present value to be paid two years in the future without interest."

Judge Caldwell, in delivering the opinion of the court in *Alloway* v. *Nashville*, 88 Tenn. 510, 13 S. W. 123, 8 L. R. A. 128, states this to be the law: "The jury allowed no interest. No instructions on that subject were given or requested; but after the verdict was returned, and before judgment was entered, Alloway and wife moved the court to add interest. This the court refused to do, and his action in that regard is now assigned as error. The statute authorizing the condemnation of private property for public use, and prescribing the mode of proceeding, is silent on this subject, and the General Statutes (*Id.*, s. 2702), which enumerate instruments that bear interest as a matter of law, does not embrace a case like that before us. Nevertheless, we have no hesitation in holding, upon general principles, that interest should have been allowed from the time of the appropriation of the property  *  *  *."

[4] The Virginia statute concerning the exercise of the power of eminent domain is silent on the question of interest, except when, after payment into court, a report is made which is confirmed, and the sum thereby ascertained exceeds what was so paid, it is provided that the condemning party shall pay interest on such excess from the date of the award until payment thereof into court or to the party entitled thereto.

The other provisions of the statute, material to a proper consideration of the question at issue, are as follows:

Sec. 4369: "The said report  *  *  *  shall be forthwith returned to the clerk's office of such court of the county or city, where it shall remain for at least thirty days, after which, unless good cause be shown against the

report, the same shall be confirmed by the court or by the judge thereof in vacation. The sum so ascertained to be a just compensation, and the measure of damages, if any, may be paid to the persons entitled thereto, or into court, and, when paid to the persons entitled thereto, the receipt for the same, when witnessed by two witnesses or acknowledged before a person duly authorized to take acknowledgments of deeds, together with the report, shall be recorded by the clerk of the court, and both the report and the receipt, when so recorded, duly indexed by the clerk. Upon such payment, either to the person entitled thereto or into court, and confirmation of the report, the title to the part of the land and to the other property taken for which such compensation is allowed, shall be absolutely vested in the company in fee simple * * *."

Sec. 4387: "* * * If, in any such proceeding, the amount or amounts ascertained by the commissioners, as aforesaid, be not paid either to the party entitled thereto or into court, within three months from the date of the filing of the report of the commissioners, the proceedings shall, on the motion of the party condemning or of any defendant, be vacated and dismissed as to him * * *."

While this court has been called upon in numerous cases to pass upon questions arising in condemnation proceedings, yet in only one instance has it had occasion to consider the question of the allowance of interest upon the amounts awarded as compensation, except where there were two commissioners' reports, that being the case of *Attorney General* v. *Turpin,* 3 Hen. & Mun. (13 Va.) 549.

This case, decided in 1809, involved the securing of the title to the land on which a part of the Capitol Square at Richmond is located. The legislature passed an act in 1779 providing that six certain squares, situated in the town of Richmond, the property of Doctor Philip Turpin, be appropriated to the use and purpose of public buildings, and that

reasonable satisfaction be paid for all such lots of ground as might be taken and appropriated for that purpose. The act further provided for the summoning of a jury to assess the value of the land taken. In December, 1787, the General Assembly passed an act authorizing the directors of the public buildings in the city of Richmond to convey to P. Turpin certain lands, the act reciting that the directors of the public buildings had appropriated, for the use of the public, certain lands, the property of said Turpin, since found to be unnecessary for the said purposes, and authorizing them to execute a deed conveying to said Turpin so much of the land so appropriated as said directors should judge unnecessary for public use. And it was further provided that the directors should cause the lands deemed unnecessary for public use to be valued by a jury, previous to the execution of a deed for same. On April 9, 1788, the directors passed a resolution declaring that a deed ought to be executed to Philip Turpin conveying to him all the lands belonging to said Turpin, appropriated by the directors for the use of the public, except two acres.

Each of the three judges—Tucker, Roane and Fleming—wrote an opinion in the case, and Judge Fleming filed, as a part of his opinion, a decree which was agreed upon as the unanimous opinion of the court. This decree ordered that the Commonwealth pay the appellee, Turpin, the value of said two acres, with interest thereon at the rate of five per centum per annum from the 9th day of April, 1788, the date of the resolution of the directors, by which the two acres were retained for public use, until the same was paid.

There was not, as suggested by counsel for the plaintiff in error, a revaluation of the land finally taken by the State, but simply a revaluation of that portion which was deeded back to Doctor Turpin, in order to ascertain the original value of the two acres retained by the State.

[5] Whether interest on the award should be allowed

must depend upon the construction of the local statute, in the light of the constitutional provision that private property shall not be taken for public use without just compensation, the report of the commissioners and all the facts and circumstances surrounding the case.

As already observed, the Virginia statute makes no express provision for allowance of interest, except when a second report is filed; and the commissioners' report, stating the amounts ascertained by them to be just compensation for the lands to be taken, makes no mention of interest.

[6] The commissioners, in fixing such compensation, are presumed to have allowed for the inconveniences, damage and delay arising out of the proceedings, certainly to the date of the filing of their report, and for three months thereafter, as the statute contemplates that the party condemning may have not to exceed three months, in which to decide whether he will take the property at the valuation fixed by the commissioners, after which, if the amount ascertained has not been paid, the proceedings shall, on motion of the condemnor or either defendant, be dismissed. But, the condemnor has no right to wait an indefinite time thereafter, and then come forward and take the property at that valuation, without the payment of interest thereon. To permit him to do so would be to require the land owner to surrender his property without receiving therefor that just compensation which the Virginia statute contemplates he should receive.

[7] Under the provisions of the Virginia statute, for the reasons suggested above, the land owner cannot demand payment of interest on the allowance of the commissioners either from the institution of the proceeding or from the date of the filing of the report; and the payment of the amount ascertained by them into court is equivalent in law to a payment of the same to the land owner, and terminates his right to demand further payment of interest thereon,

certainly in a case where he is not contesting the legality of the proceeding or the award of the commissioners.

We are of the opinion, therefore, that the judgment complained of, in so far as it allows the defendants interest on the amounts awarded them by the commissioners for three months next after the filing of their report and after the payment of the said amounts into court, is erroneous.

For the foregoing reasons, the motion of the defendants in error to dismiss the writ of error will be overruled, and the judgment aforesaid will be amended in the manner indicated and entered here as it should have been in the lower court, allowing interest at six per centum per annum on the amounts awarded by the commissioners, from January 23, 1921 (three months after the date of filing their report), until April 25, 1921, the date on which the money was deposited in bank to the credit of the court, and costs.

*Amended and affirmed.*