# Wytheville

## George C. Thomas, Committee, etc. v. The State Highway Commissioner of Virginia.

June 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*A. T. Gordon,* for the plaintiffs in error.

*Joseph F. Hall, Walter Leake* and *C. Champion Bowles,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

On January 30, 1933, the State Highway Commission of Virginia filed in the Circuit Court of Goochland county

its petition, asking that certain lands in that county belonging to Maggie G. Thomas, an insane person, be condemned for road purposes. On February 13th following, B. Gary Blake was appointed guardian *ad litem* for this insane adult defendant. He answered, and thereupon commissioners were appointed and directed to assess damages. They qualified and after a proper view on February 20th reported the value of the land to be taken in fee at $96, and in addition assessed damages to be suffered at $250. On August 15, 1933, George C. Thomas, who had previously qualified as committee for Maggie G. Thomas, moved the court to quash these proceedings because he had not been made a party. The court being of opinion that he was a necessary party, set aside the order of February 13, 1933, and all proceedings subsequent thereto, dismissed the guardian *ad litem* previously appointed and in his stead appointed R. L. Gordon, Jr. The Highway Commission's petition was amended by making Thomas, committee, a party, whereupon this committee and Gordon, guardian *ad litem,* answered. This new commission in its turn qualified and viewed the premises and made report on the fifteenth day of September, 1933. It was of opinion that the land taken was worth $90 and that damages suffered amounted to $210. Exceptions were filed, but on December 14, 1933, a consent order was entered, which reads in part:

"Whereupon the said parties having agreed upon the amount of Three Hundred and Fifty Dollars ($350) as full settlement in and for all claims made against the Virginia State Highway Department by said defendant, Maggie G. Thomas and George C. Thomas, her husband, and committee, and R. L. Gordon, Jr., guardian *ad litem* for said Maggie G. Thomas, an insane person."

The court directed that this sum be deposited with its clerk within twenty days, and decreed that when this was done title should vest in the Commission. Deposit was duly made, and the clerk in turn put it in the Bank of Goochland, which gave him this deposit slip:

"March 17, 1934. Virginia, in Goochland Circuit Court, by P. G. Miller, clerk. Highway Commission of Virginia v. Maggie G. Thomas, and G. C. Thomas, her husband. Checks as follows: State check $286. Same $60. Total, $346."

On January 24, 1934, Thomas, committee, in a petition said that this bank had suspended payment and was in process of reorganization and that unless this reorganization could be perfected the depositors would lose heavily. Consent of depositors was of course necessary. The tentative agreement was that those who had to their credit more than $250 should release to the bank thirty-five per cent of their claims. It was also necessary that ninety per cent of these depositors consent to this plan.

The court was of opinion that this reorganization if perfected would be to the interest of the insane defendant, and being of this opinion it authorized her committee to consent to this reorganization along the lines indicated, all of which was done at the committee's instance.

On October 18, 1934, Thomas, committee, and Gordon, guardian *ad litem,* moved the court to set aside the order of January 24, 1934, for these reasons:

"(1) The court had no jurisdiction to enter the order of January 24, 1934, complained of.

"(2) The court had no jurisdiction because the failed bank was not a party to the suit.

"(3) The petition of said committee upon which said order was entered was induced by misrepresentation and filed by Thomas under a mistake of fact.

"(4) The compromise judgment rendered herein is a conclusive bar to all of the matters and things upon which said order is founded.

"(5) The order is a sacrifice of the interest of the ward and exceeds the powers of the committee to deal with the fund and for this reason should not receive the sanction of the court."

Evidence on this motion was taken *ore tenus* in open

court, which after due consideration declined to set aside the order of January 24, 1934.

Before us is a motion to dismiss for want of jurisdiction. For the purposes of this motion and for these purposes only, let us assume that the trial court was in error.

■ Before we can consider a case upon its merits, it must be made to appear that we have jurisdiction, and in matters pecuniary the amount in controversy is the amount in controversy in this court. *Madison* v. *Kroger Grocery & Bakery Co.,* 160 Va. 303, 168 S. E. 353.

■ The right of appeal is no part of due process of law, and must be conferred either by our Constitution or by some authorized statute. *Nicholas* v. *Lawrence,* 161 Va. 589, 171 S. E. 673; *Rudacille* v. *State Commission,* 155 Va. 808, 156 S. E. 829; *Richmond Cedar Works* v. *Harper,* 129 Va. 481, 106 S. E. 516; *Tyson* v. *Scott,* 116 Va. 243, 81 S. E. 57.

■ "If jurisdiction is invoked on the ground that the litigation draws in question a freehold or franchise, or the title or bounds of land or some matter not merely pecuniary, these jurisdictional matters must be *directly the subject of controversy, and not merely incidentally and collaterally involved.*" *Cook* v. *Daugherty,* 99 Va. 590, 39 S. E. 223.

■ "The matter in controversy in reference to the appellate jurisdiction of the Court of Appeals is that which is the essence and substance of the judgment and by which the party may discharge himself." *Umbarger* v. *Watts,* 25 Gratt. (66 Va.) 167. *Bee Hive Min. Co.* v. *Ford,* 144 Va. 21, 131 S. E. 203.

Concededly, the amount in controversy here is thirty-five per cent of $346, or $121.10. "The matter in controversy in this case is less than $300, but this is unimportant, as the matter is a condemnation proceeding. *City of Richmond* v. *Goodwyn,* 132 Va. 442, 112 S. E. 787." Petition for writ of error.

Section 88 of the Constitution of 1902 in part provides:

"The court shall not have jurisdiction in civil cases

where the matter in controversy, exclusive of costs and of interest accrued since the judgment in the court below, is less in value or amount than three hundred dollars, except in controversies concerning the title to, or boundaries of land, the condemnation of property, the probate of a will, the appointment or qualification of a personal representative, guardian, committee, or curator, or concerning a mill, roadway, ferry, or landing, or the right of the State, county, or municipal corporation to levy tolls or taxes or involving the construction of any statute, ordinance, or county proceeding imposing taxes; and, except in cases of *habeas corpus, mandamus,* and prohibition, the constitutionality of a law, or some other matter not merely pecuniary."

That section was changed in the revision of 1928 (See Acts 1928, ch. 205, p. 658). The pertinent part of it now reads:

"Subject to such reasonable rules as may be prescribed by law as to the course of appeals, the limitation as to the time, the value, amount or subject matter involved, the security required, if any, the granting or refusing of appeals, and the procedure therein, it shall, by virtue of this Constitution, have appellate jurisdiction in cases involving the constitutionality of a law as being repugnant to the Constitution of this State or of the United States, or involving the life or liberty of any person; and in such other cases as may be prescribed by law."

Condemnation proceedings are not mentioned. The constitutionality of no statute is involved, nor is the life or liberty of any person. We must, therefore, ascertain what the legislature has done.

In Code, section 6336, it is said:

"Any person who thinks himself aggrieved by any judgment, decree, or order in a controversy concerning the title to or boundaries of land, the condemnation of property," etc., may appeal.

While by Code, section 6337, in matters pecuniary there

can be no appeal if the amount in controversy is less in value than $300.

There is no controversy here concerning the condemnation of property. That matter had been concluded before the issue suggested arose. Title had vested in the Commonwealth, and its interest in this litigation was at an end. Code, section 1969j, par. 4. Condemnation proceedings were in all respects regular. No error as to them had been assigned. In short, we have no controversy concerning the condemnation of property. At the most, those proceedings are but incidental and collateral to appellant's claim, who, as we have seen, relies upon *City of Richmond* v. *Goodwyn, supra.*

Just what did that case decide? Defendant in error there contended that the case should be dismissed because the amount in controversy dealt only with the sum of $236.85 allowed as interest. The court held that interest was a part of that "just compensation" to which the owner was entitled. Just compensation the city should, of course, make. That is to say, the city had not paid what it should have paid under a constitutional requirement. Its interest was neither collateral nor incidental.

It is not in the instant case contended that the Highway Commission must pay more than the compensation agreed upon which it has already paid. We may say here that it has paid not only the $346, evidenced by the deposit slip, but the $4 in addition due.

In *Duncan* v. *State Highway Commission,* 142 Va. 135, 128 S. E. 546, 548, the damage awarded was $150. Plaintiff claimed that the land taken was worth $564. The court there said that the issue was one of damages and based its retention of jurisdiction on the fact that the landowner in a *bona fide* claim placed it at $564. Here again came the question of just compensation which went to the heart of the condemnation proceedings. If the mere fact that condemnation proceedings at all times and in all circumstances gave court jurisdiction, then the court

was mistaken in saying, that "the sole question for the determination of the court is one of damages."

The heart of this case is the right of the court to authorize the committee to waive thirty-five per cent of its claim against the Bank of Goochland. This we have seen is in amount $121.10. As to it we have no jurisdiction.

The writ of error is dismissed, therefore, as having been improvidently awarded.

*Dismissed.*