379 S.E.2d 356 (1989)
Donald P. BARTZ, Trustee, et al.
v.
BOARD OF SUPERVISORS OF FAIRFAX COUNTY.
Record No. 870968.
Supreme Court of Virginia.
April 21, 1989.
*357 Haynie S. Trotter (Thomas F. Farrell, II, McLean, McGuire, Woods, Battle & Boothe, on briefs), for appellants.
Lawrence W. Phelps, Asst. County Atty. (David T. Stitt, County Atty., George A. Symanski, Jr., Sr. Asst. County Atty., on brief), for appellee.
Present: All the Justices.
LACY, Justice.
On September 3, 1986, the Board of Supervisors of Fairfax County (County) filed two condemnation petitions seeking to condemn adjoining parcels of undeveloped land owned by Donald P. Bartz, Trustee, Floyd W. Harris, Trustee, and Robert C. Oaks, Trustee (Landowners). The County also filed two lis pendens memoranda declaring that it had filed suits to condemn the property.
A panel of commissioners heard the consolidated cases and issued their report on March 24, 1987, setting the compensation award for the parcels at $13,189,232. The trial court confirmed the commissioners' report by order entered May 22, 1987. Additionally, the trial court ordered the County to pay interest on the award at the rate of 8% per annum from the date of the order until the award was paid. The court denied the Landowners' motion for reconsideration. On May 26, 1987, the County paid the compensation award, including approximately $11,000, which represented four days' interest on the compensation award.
On appeal the Landowners argue that the County "took" the land in question on September 3, 1986, but did not pay for it until May 26, 1987. The Landowners maintain that failure to award interest from the date of taking, September 3, 1986, violates Article I, § 11 of the Virginia Constitution which requires that just compensation be provided when private property is "taken or damaged for public uses." Alternatively, the Landowners argue that just compensation requires that interest be awarded at least from the date of the commissioners' report, March 24, 1987, until payment was actually received.
The County counters that it "took" the property when legal title passed on May 26, 1987, the date the compensation award and interest were paid. Because both payment and "taking" occurred simultaneously, the County argues that no unconstitutional "taking" without just compensation had occurred and that the Landowners were fully and timely paid. Additionally, by cross-error, the County asserts that the trial court should not have awarded the Landowners any interest because the Virginia General Condemnation Act, Code §§ 25-46.1, et seq., does not authorize interest if the condemnor, as in this instance, has paid the compensation award within sixty days after confirmation of the commissioners' report.
Condemnation proceedings are based on the constitutional principle that when the condemnor takes private land for public purposes, the owner may not be deprived of the use and control of his property unless he receives just compensation therefor. Va. Const. art. I, § 11. Just compensation may include both the compensation award and interest. City of Richmond v. Goodwyn, 132 Va. 442, 447, 112 S.E. 787, 789 (1922).
The value of the property at a specific point in time is reflected in the compensation award. Interest on that amount is appropriate for any period of time the owner has neither control and use of the property nor the money award. Accordingly, we have supported interest payments for time periods during which the condemnor has "taken" the property and the landowner has not yet been paid, and the time period was not considered by the commissioners in establishing the award. Virginia Electric, etc., Co. v. Call, 195 Va. 454, 78 S.E.2d 670 (1953); Virginia Electric, etc., Co. v. Marks, 195 Va. 468, 78 S.E.2d 677 (1953); City of Richmond v. Goodwyn, 132 Va. 442, 112 S.E. 787.
Interest, as part of just compensation, is appropriate only after the property is taken or damaged but before the compensation funds are available to the landowner. Accordingly, we must determine whether, prior to the May 26 payment date, the actions of the County deprived the *358 Landowners of the control and use of their property. In other words, when did the County "take" the property?
The Landowners rely on the filing of the lis pendens and Instruction No. 4 to support their contention that the County "took" the property on September 3, 1986. First, they contend, the filing of the lis pendens memoranda on September 3, "denied the Owners any profitable use of this undeveloped land" from that date onward and therefore constituted a "taking."
The Landowners' arguments on the effect of the lis pendens are virtually identical to those of the petitioner in Kirby Forest Industries, Inc. v. United States, 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984). In that case the United States filed condemnation proceedings for petitioner Kirby's unimproved land and shortly thereafter filed a notice of lis pendens. Kirby contended that filing a condemnation proceeding and lis pendens
has the effect of preventing the owner of unimproved land thereafter from making any profitable use of it, or of selling it to another private party. At the same time, the owner remains liable for property taxes. Such a thoroughgoing abrogation of the owner's rights ... surely constitutes a taking as soon as the abrogation is effective, regardless of when the land is officially appropriated under the terms of the statute.
467 U.S. at 13, 104 S.Ct. at 2196 (footnote omitted).
The Supreme Court rejected Kirby's position, finding that the lis pendens and condemnation proceeding did not abridge the owner's right to sell the land or use it as he pleased. The lis pendens was merely a notice to third parties that a claim was asserted against the property. While the proceedings may reduce
the price that the land would have fetched, ... impairment of the market value of real property incident to otherwise legitimate government action ordinarily does not result in a taking.... [E]ven a substantial reduction of the attractiveness of the property to potential purchasers does not entitle the owner to compensation under the Fifth Amendment.
467 U.S. at 15, 104 S.Ct. at 2197.
The analysis and rationale of the Kirby case are equally applicable to the requirements of Article I, § 11 of the Virginia Constitution. Without further interference with an owner's right to use and dispose of his land, the filing of condemnation proceedings and a lis pendens does not constitute a taking of the property requiring just compensation under the Virginia Constitution. Similarly, allegations of potential diminution in property value resulting from the institution of these proceedings does not constitute damage to the property envisioned by Va. Const. art. I, § 11. Lambert v. City of Norfolk, 108 Va. 259, 61 S.E. 776 (1908). Therefore, the property was neither taken nor damaged by virtue of the filing of the condemnation proceedings and memoranda of lis pendens.
The Landowners also rely on Instruction No. 4, offered by the County, as establishing September 3, 1986, as the date of taking. Instruction No. 4 states:
You must determine just compensation for the property owner as of the date the County took the property. In this case the date is September 3, 1986.
Simply stated, the Landowners argue that because the County requested this instruction, the County cannot now contend that it took the property at some other date. We disagree with that application of the instruction.
Prior to the enactment of the General Condemnation Act the amount of the compensation award was based on the value of the property as of the date of the taking. White v. Highway Commissioner, 201 Va. 885, 887, 114 S.E.2d 614, 616 (1960). Section 25-46.3 of the Act, however, defines the "date of valuation" as "the time of the lawful taking by the petitioner, or the date of the filing of the petition, whichever occurs first."
The statute makes clear that the time of the "lawful taking" of the property is neither the same event nor necessarily contemporaneous with the filing of the condemnation *359 petition. The General Assembly chose the earlier of the two dates to control the date for valuation of the property. Instruction No. 4 was given to inform the panel of the valuation date  the date they were to use in determining the compensation award.[1]
In this case there are no allegations that any activities constituted a taking of the property prior to the date the condemnation petitions were filed. Under Code § 25-46.3(b), September 3, 1986, the date the petitions were filed, must be the date of valuation for this property. Although inartfully drawn, Instruction No. 4 correctly instructed the commissioners as to the proper date. The law of the case represented by Instruction No. 4 is that the date of valuation of the property to be used by the commissioners was September 3, 1986.
In summary, neither the filing of the memoranda of lis pendens nor Instruction No. 4 established September 3, 1986, as the date on which the County took the Landowners' property.
Only one other event has been asserted as constituting the taking of the property. The County maintains that it took the property on the date legal title passed. Code §§ 25-46.24 and 25-46.28 provide that legal title passes and the condemnor has the right to enter and control the property on the date the final compensation award is paid. "Taking" indisputably occurs at this point. Based on the foregoing we hold the County "took" the property on May 26, 1987, the date the compensation award was paid and legal title passed.
Having determined that the taking occurred on the date of payment, we must reject the Landowners' alternative assertion that interest should be imposed from the date of the filing of the commissioners' report, March 24, 1987, until payment of the award in May.
The Landowners base their claim on the fact that there is no statutory requirement that the commissioners' report be acted upon by the trial court within a set time period.[2] The Landowners assert that, in the absence of an interest award, the failure of the trial court to act on the commissioners' report in a timely manner results in the owners losing compensation for any increase in property value from the valuation date until the final award is ordered and paid.
The Landowners' contention misapplies the just compensation principle. A landowner is not entitled to compensation, either included in the award or as interest, while he maintains legal title, control over and use of the property.[3]State Highway Com. v. Kreger, 128 Va. 203, 212, 105 S.E. 217, 220 (1920). In this case, the Landowners retained legal title, control over, and use of the land from the time the commissioners' report was entered until the County rendered payment. Therefore, the Landowners are not entitled to interest on the compensation award from March 24, 1987, until May 26, 1987.[4]
*360 Turning to the County's cross-error, we concur that the trial court erred in making the County liable for interest from the time of the entry of the order until payment was made; May 22, to May 26, 1987. As stated previously, the County did not assert any indications of "taking" or dominion over the Landowners' property until legal title passed. Code § 25-46.34(b) affords the condemnor thirty days after the trial court sets the final amount of the compensation award to accept or reject the compensation amount without any penalty. In this case, the County exercised its option to pay for the property at the set price within the thirty-day time period. Therefore, there is no statutory or constitutional basis for the trial court to require the County to pay any interest on the compensation award.
Based on the foregoing, we will affirm, in part, and reverse, in part, the judgment of the court below and enter final judgment here.
Affirmed in part, reversed in part, and final judgment.
RUSSELL, J., dissents.
WHITING, J., joins in dissent.
RUSSELL, Justice, dissenting.
Under the statutory scheme as construed by the majority, a condemnor may file his petition for condemnation, destroy the marketability of the property immediately by recording a memorandum of lis pendens, freeze the value of the property at the level which existed when the petition was filed, withhold payment until the condemnation proceedings have been completed, and then, if the price fixed by the commissioners is more than he wishes to pay, abandon the proceedings and walk away. He has no obligation to compensate the owner for any increase in the fair market value of the property while he is withholding payment pendente lite.
The property in question was not income-producing, but was held solely for appreciation in value. It was in an area of rapidly rising values at the time of the condemnation proceedings. In the absence of the taking, the owners would have been entitled to a very large increase in market value during the interval between the filing of the petition and the report of the commissioners. The owners were deprived of that increase and the benefit of the increase was given entirely to the condemnor. The owners were not compensated for that loss in any way, and the condemnor obtained a windfall.
It may be contended that a rule precluding compensation for market fluctuations pendente lite is a fair one, because it works both ways; if the property had declined in value after the petition was filed, the owner would have had the benefit of a higher price and the condemnor would have acquired depreciated property. But that equation breaks down. In the event of a decline in value, the condemnor may abandon the proceedings and walk away, perhaps to re-commence the proceedings another day when the market is still lower. The owner, on the other hand, may never walk away, unless the condemnor permits him to do so. He must remain in the proceedings at the condemnor's pleasure. Thus, the statutory scheme positions the condemnor to take advantage, at the owner's expense, of favorable market fluctuations, but to avoid unfavorable ones altogether.
The manifest unfairness of that arrangement would, in my view, render the statutory scheme unconstitutional, as applied to this case, if the owner were bereft of any compensation for the increment of value taken from him and given to the condemnor. But that result is not necessary. In J.W. Creech, Inc. v. Norfolk Air Conditioning Corporation, 237 Va. 320, ___, 377 S.E.2d 605, 608 (1989), we recently quoted Edmund Pendleton's observation, made in 1799, that the allowance of interest, in a proper case, is "natural justice." That has been an ingrained part of our jurisprudence for nearly 200 years. Regardless of the holdings in other jurisdictions,[*] we have a *361 traditional means of avoiding the harsh result reached by the majority.
Although an award of prejudgment interest would not fully compensate the owners for the appreciation in value they lost under the facts of this case, it would, in my view, be a sufficiently just substitute to remove the taint of unconstitutionality which otherwise exists. Accordingly, I would allow interest from the date the petition was filed, and affirm the judgment as thus modified.
WHITING, J., joins in dissent.
NOTES
[1] Instruction No. 4 is based on Virginia Model Jury Instruction No. 46.040, the source of which is Code § 25-46.3(b).
[2] Under previous statutes, if the award was not paid within three months after it was issued, the proceeding was dismissed, regardless of whether the court had taken action on the report. See former Code § 4387; City of Richmond v. Goodwyn, 132 Va. 442, 112 S.E. 787 (1922).
[3] If the condemnor has exercised control or accomplished a taking prior to payment, passage of legal title, or finality of the litigation, he is required to deposit adequate funds in interest bearing accounts for the landowner's benefit. See Code §§ 25-46.8, 25-46.25, 25-46.28. The owner also is entitled to interest on the difference in amounts deposited and finally determined as well as during the time the amounts remain unpaid. Code §§ 25-46.30, 25-46.31(a) and (b).
[4] To further insure that the landowner is not harmed by the condemnor's untimely payment, the General Assembly has provided that the condemnor, if he did not "take" the land before the award was established, has 30 days from the date the court enters a final order to pay the award. If it is not paid into the court or to the owners within this 30-day period, the owners may obtain, as a matter of right, a dismissal of the suit and expenses. Code § 25-46.34(c). If the condemnor has not paid the award, and any appropriate interest, within 60 days of the court order, the court must enter judgment against the condemnor. Code § 25-46.31(d).
[*] Federal cases are of little assistance in this area. The Fifth Amendment to the Federal Constitution provides for the payment of compensation only where private property is "taken" for public use. Compensation for damage to property values, in the federal system, is subject to legislative grace and judicial interpretation. In our system it is a matter of constitutional right. Article I, § 11 of the Constitution of Virginia provides that the General Assembly shall not "pass any law whereby private property shall be taken or damaged for public uses, without just compensation...." (Emphasis added). A part of the bundle of rights inhering to any owner of property is the right to enjoy an appreciation in value occurring during the time of ownership. The destruction of such a right constitutes a damage to the owner's property interests, for which our condemnation statutes make no provision.