## CIRCUIT COURT OF THE CITY OF ROANOKE

Lamar Co., L.L.C.

v.

City of Roanoke
Redevelopment and
Housing Authority

August 24, 2011

Case No. CL11000174-00

By Judge Charles N. Dorsey

This case is before the Court regarding the City of Roanoke Redevelopment and Housing Authority's Demurrer and Special Plea in regard to Lamar Company, L.L.C.'s inverse condemnation suit. After reviewing the briefs and hearing oral argument, the Court sustains the demurrer.

### Facts and Disposition

On November 28, 2008, the Authority filed a condemnation action in this Court proposing to condemn land owned by William D. and Maeona M. Stegall, stating that the property on Williamson Road was located in an area designated for redevelopment. This land was subject to a lease between the Stegalls and Lamar, a billboard advertising company, renting land upon which Lamar has placed a billboard. This lease is for a term of ten years, commencing in 2001, with automatic renewal periods of five years until Lamar gives, or is given, notice to vacate.

When the condemnation action was filed, Lamar moved to intervene based on its leasehold interest and was allowed to do so. Subsequently, the Stegalls settled, and the property was sold to the Authority for $2,900,000 without Lamar's involvement. That suit is still pending with Lamar granted a hearing to establish how much, if any, of the award to the Stegalls should be apportioned to Lamar's leasehold interest.

Lamar alleges that its interest has been irreparably harmed by this transition in ownership. A billboard is a nonconforming use in the area and,

once it is removed, it cannot be replaced or relocated. Lamar alleges that the Authority differs from a private owner and is likely to terminate the lease before the Stegalls or other private owner would have.

Though the original condemnation action has not been dismissed, Lamar has filed this inverse condemnation action, requesting to be compensated for the loss in value suffered by its leasehold interest.

## Standard of Review

When reviewing a demurrer, the Court must determine "whether the motion for judgment alleged sufficient facts to constitute a foundation in law for the judgment sought." *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132 (2008) (citations omitted). In this matter, the Court must consider the facts in the light most favorable to the non-moving party. *Id.* However, a Court need not accept allegations which are directly contradicted by documents attached to the pleadings. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 493 S.E.2d 516 (1997).

## Demurrer No. 1

In its first demurrer, the Authority alleges that Lamar has no interest separate from the Stegalls in the property at issue and is therefore unable to bring an individual suit for inverse condemnation in addition to the condemnation proceeding to which it is already a party. A decision on this issue was deferred pending resolution of the remaining demurrers. Because the remaining demurrers to the inverse condemnation proceeding are sustained, this issue is moot.

## Demurrer Nos. 2 and 3

In the second and third demurrers, the Authority alleges Lamar cannot point to any property interest that has been "taken" (deprived of all economic value under the terms of either the Virginia or United States Constitutions) and therefore has no claim for inverse condemnation.

Lamar cannot show injury. It has not been injured. To award damages would arguably be to award a windfall to Lamar. Lamar argues that the mere fact that the Authority now owns the property decreases the value of its interest. However, Lamar can point to no actual injury and alleges no facts to support finding an injury.

Previous opinions have noted that "[a] landowner is not entitled to compensation . . . while he maintains legal title, control over and use of the property." *Bartz v. Board of Supervisors of Fairfax County*, 237 Va. 669, 379 S.E.2d 356 (1989). In this analogous situation, Lamar has lost no control or use of its leasehold. The Authority has made no plans — and Lamar can

point to no plans — indicating that Lamar's use of the property will be in any way changed or curtailed. In fact the Authority has stated that Lamar will not be displaced and the billboard may remain on the property so long as Lamar complies with the lease terms. City of Roanoke Redevelopment and Housing Authority [Authority], Notice of Non-Displacement to Lamar (Nov. 12, 2010); Authority, Res. 3624 (Nov. 12, 2010), both filed herein. The Authority is bound by this representation. If, and when, the property is sold to a private owner, that owner may take any lawful action under the lease. Functionally, Lamar's argument is mooted.

Alternatively, the lease at issue contains a clause allowing the lease to continue indefinitely until either party gives notice of intent to terminate. Lamar alleges that, because the Authority owns the property, there is a decreased likelihood of continuation of the contract. However, the renewal term is merely a contingent interest. *Chairman of the Highway Comm'n v. Parker*, 147 Va. 25, 136 S.E. 496 (1927) ("Injuries must be certain, not merely speculative. In order for injuries to be considered such a taking as to entitle the owner to compensation, they must be actual injuries, injuries that reduce the market value of the property. These injuries and the consequent depreciation in value of the property must be susceptible of proof and capable of approximate measurement. They cannot merely be speculative, prospective, or contingent."); *see also City of Va. Beach v. Oakes*, 263 Va. 510, 561 S.E.2d 726 (2002) (disallowing a condemnation award based on "speculative value"). As was the case in *Board of Supervisors of Prince William County v. Omni Homes, Inc.*, a potential loss of a contingency interest is not a compensable injury. 253 Va. 59, 481 S.E.2d 460 (1997); *see also Lambert v. City of Norfolk*, 108 Va. 259, 61 S.E. 776 (1908) ("Merely rendering private property less desirable for certain purposes, or even causing personal annoyance or discomfort in its use, will not constitute the damage contemplated by the Constitution. . . ."). Regardless, under the facts of this case, the Authority may not end the lease, except for breach. This is to differentiate it from the *Snyder* case, in which the Court noted that the lease at issue was likely to be terminated as soon as feasible after condemnation. *Snyder Plaza Props., Inc. v. Adams Outdoor Adver.*, 259 Va. 635, 528 S.E.2d 452 (2000). *See also Exxon Corp. v. M & Q Holding Co.*, 221 Va. 274, 269 S.E.2d 371 (1980) (awarding a condemnation award to a leaseholder because condemnation rendered its interest worthless).

As no "stick" in Lamar's bundle of property rights has been injured by the transfer in ownership, demurrers 2 and 3 are sustained.

*Demurrer No. 4*

The fourth demurrer notes that Lamar's complaint failed to contain an *ad damnum* clause and is therefore not proper under the rules of the Supreme Court of Virginia. During the hearing of July 11, 2011, counsel

for Lamar conceded that the omission of an *ad damnum* was an oversight. Due to the nature of the demurrers sustained here, no leave to amend can or should be granted.