## Richmond

BONNIE D'ALESSANDRO

v.

COMMONWEALTH OF VIRGINIA

No. 0483-91-2

Decided September 29, 1992

COUNSEL

John Kenneth Zwerling (Kyle W. O'Dowd; Moffitt, Zwerling & Kemler, P.C., on briefs), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—In this appeal, Bonnie D'Alessandro contends the trial judge erred in sentencing her to a prison term contrary to the provisions of her plea agreement and in refusing to modify the order or to allow her to withdraw the plea after entry of the sentencing order. We conclude that the appeal must be dismissed.

I.

Pursuant to a plea agreement, D'Alessandro pled guilty to conspiracy to distribute more than five pounds of marijuana. The plea agreement was as follows:

It is the Agreement of the parties hereto that upon the entry of a plea of guilty by the defendant to the charge of conspiracy to distribute marijuana, more then 5 lbs., VA. Code § 18.2-248.1(3), VA. Code § 18.2-256, that the Attorney for the Commonwealth will recommend to the Court the following:

A. The defendant will provide her good faith efforts to assist the . . . police . . . in its investigation of narcotics trafficking.

B. In exchange for [the defendant's] anticipated full cooperation the Commonwealth agrees to a recommended sentence not to exceed fifteen years.

C. Should the Commonwealth withdraw from the agreement or the court sentence in excess of this agreement, the defense retains the right to withdraw the plea of guilty.

D. Defendant is on her original $50,000.00 pending P/S Report. Bond is with Broderick Bonding to be complied with prior to release.

The trial judge accepted the plea and directed the probation officer to prepare a presentence report.

Two months later, D'Alessandro filed a motion to withdraw her plea agreement. At the sentencing hearing on January 14, 1991, D'Alessandro's attorney informed the trial judge that, although the plea agreement was silent on this point, part of the inducement to sign the agreement was the Commonwealth's promise to recommend an even lower sentence if D'Alessandro cooperated with the police and gave useful information. The attorney also stated that D'Alessandro's ability to provide assistance had been compromised because the co-defendants discovered she had entered a plea agreement with the Commonwealth and informed her contacts in her community. D'Alessandro's attorney further alleged that because law enforcement officers caused the disclosure, D'Alessandro should be allowed to withdraw the plea agreement.

The Commonwealth's attorney denied that an unwritten understanding existed and stated that "the only issue that ever came up about less than fifteen years was well, is there if I do this or do that, based on your full cooperation, full cooperation, that's what's in the plea agreement, that you're going to get fifteen years, if you cooperate fully." The Commonwealth's attorney also denied that law enforcement officers had frustrated D'Alessandro's ability to cooperate. The Commonwealth's attorney informed the trial judge that the recommendation would be made "as if she had fully cooperated" and that the Commonwealth would recommend a fifteen year sentence "consistent with the plea agreement."

The trial judge denied D'Alessandro's motion to withdraw her plea of guilty and considered the presentence report. In discussing an appropriate punishment the Commonwealth's attorney stated:

[T]he Commonwealth would ask . . . that the Court convict her this morning, sentence her to thirty years in the Virginia State Penitentiary, of which fifteen years would be suspended, which

would be the sentence based on the plea agreement that would be given based on her anticipated full cooperation. I will tell the Court we had no cooperation. I'm not getting into why it happened, why it didn't happen, but I would ask the Court to follow that recommendation. If the individual who was a gofer and the driver can both receive, I believe, ten and eight year respective sentences, I think that sentence is very appropriate for Ms. D'Alessandro.

D'Alessandro's attorney argued that she should receive a term of less than ten years, the sentence received by a co-defendant. The trial judge sentenced her to thirty years in prison with fifteen years suspended.

On January 30, 1991, D'Alessandro filed a motion to withdraw the guilty plea or, in the alternative, for the "Court [to] conform her sentence to comply with the plea agreement." D'Alessandro claimed that the sentence was in excess of the terms of her agreement. The motion stated that "[n]o hearing is requested." The trial judge denied this motion on March 5, 1991.

## II.

As a threshold issue, the Commonwealth argues that this appeal is barred under Rule 1:1 and Rule 5A:6(a). Rule 1:1 states, in relevant part, that:

All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated or suspended for twenty-one days after the date of entry, and no longer.

The sentencing order was entered January 14, 1991. Although D'Alessandro filed her motion to withdraw her guilty plea on January 30, 1991, no order modifying, vacating, or suspending the sentencing order was entered within twenty-one days of the date of the sentencing order. The trial judge took no action until he overruled D'Alessandro's motion on March 5, 1991.

Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 or the 30-day period prescribed by

Rule 5:9. The running of time under those rules may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order. For those reasons, the pendency of [the] motion for reconsideration, and the subsequent proceedings thereon, have no effect on the outcome.

*School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (citations omitted).

■ In order to toll the time limitations of Rule 1:1 and Rule 5A:6(a), it is not sufficient for the trial judge merely to express a desire to consider action or take the issue under advisement; rather, the trial judge must issue an order modifying, vacating or suspending the sentence within twenty-one days of the entry of sentence. *See In re Department of Corrections*, 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981). The record contains no indication that D'Alessandro requested the trial judge to modify, vacate, or suspend the sentencing order pending the trial judge's decision on the motion. Because the trial judge overruled D'Alessandro's motion some fifty days after the entry of the sentencing order, the sentencing order, which is the final judgment, was no longer under the control of the trial judge. The trial judge's order was a nullity.

■ Rule 5A:6(a) provides that no appeal will be allowed unless a notice of appeal is filed with the clerk of the trial court within thirty days of final judgment. That rule is mandatory, not directory. *Williams v. Landon*, 1 Va. App. 206, 207, 336 S.E.2d 907, 908 (1985). Thus, the notice of appeal was due February 13, 1991, thirty days after entry of the final order on January 14, 1991. It was filed March 20, 1991.

### III.

■ D'Alessandro argues, however, that when the trial judge denied her post-sentencing motion to withdraw her guilty plea or to have her sentence conformed to the guilty plea, the trial judge had authority to modify her sentence pursuant to Code § 19.2-303. Code § 19.2-303 states, in relevant part, as follows:

If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the

person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

By its explicit terms, the statute permits a trial judge to retain jurisdiction to suspend or modify a sentence beyond the twenty-one day limit of Rule 1:1 only if the person sentenced for a felony has not been transferred to the Department of Corrections. *See Russnak v. Commonwealth*, 10 Va. App. 317, 324, 392 S.E.2d 491, 495 (1990).

The record does not disclose whether D'Alessandro had been transferred to the Department of Corrections when the trial judge overruled her motion on March 5, 1991. However, the burden of proving appellate jurisdiction rests upon the appellant. *Thomas v. State Highway Comm'r*, 166 Va. 512, 516, 186 S.E. 172, 174 (1936); *Heisler & Bro. v. Merchants Cold Storage & Ice Mfg. Co.*, 139 Va. 114, 119, 123 S.E. 505, 506 (1924). In the absence of proof that D'Alessandro had not been transferred to the custody of the Department of Corrections, D'Alessandro failed to prove on this record that the trial judge had authority to act and that her appeal was timely. *See Owusu v. Commonwealth*, 11 Va. App. 671, 673, 401 S.E.2d 431, 432 (1991).

## IV

D'Alessandro further contends that Code § 8.01-428(B) provides an exception to Rule 1:1. That statute allows a trial judge to act as follows:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Code § 8.01-428(B). The statute is applicable to criminal proceedings. *Lamb v. Commonwealth*, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981).

However, Code § 8.01-428(B) "has no application to errors in the reasoning and conclusions of the court about contested matters." *Safety Motor Transit Corp. v. Cunningham*, 161 Va. 356, 364, 171

S.E. 432, 435 (1933). The error that D'Alessandro alleges to exist concerns the trial judge's conclusion that a sentence of thirty years imprisonment with fifteen years suspended is consistent with the plea agreement recitation of a "sentence not to exceed fifteen years." At sentencing, the Commonwealth requested the trial judge to impose the sentence of thirty years imprisonment with fifteen years suspended. We conclude that the alleged error concerns the trial judge's reasoning about a contested matter and is not remedied by application of Code § 8.01-428(B).

For these reasons, we dismiss the appeal.

*Dismissed.*

Elder, J., and Willis, J., concurred.