COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia

CHERYL A. GREENFIELD

v.          Record No. 0381-95-4          MEMORANDUM OPINION[*] BY
                                          JUDGE ROSEMARIE ANNUNZIATA
BRUCE R. GREENFIELD                          NOVEMBER 7, 1995

              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      William D. Hamblen, Judge

              Robert B. Machen for appellant.

              Alan B. Frank (Lawson & Frank, on brief),
                for appellee.


     The appellant, Cheryl A. Greenfield ("wife"), appeals the

trial court's January 20, 1995 order requiring her to pay her

portion of a marital debt pursuant to a final decree of divorce

entered March 18, 1994, nunc pro tunc to January 24, 1994.

Finding no error, we affirm the trial court's decision.

     On June 11, 1992, the wife filed a bill of complaint seeking

a divorce from the appellee, Bruce R. Greenfield ("husband"), in

the Circuit Court of Prince William County.  On July 7, 1993, the

husband's parents, Eric L. Greenfield and Odette A. Greenfield,

filed a motion for judgment against husband and wife in the

Circuit Court of Arlington County, alleging that the parties owed

$55,000 on a loan the husband's parents had made to them.  On

August 6, 1993, this motion for judgment was dismissed with

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

prejudice.

During the equitable distribution hearing in Prince William County, the trial court determined that the $55,000 claim of the husband's parents was a marital debt and apportioned twenty-five percent of the debt to the wife. The trial court entered a final divorce decree on March 18, 1994, <u>nunc</u> <u>pro</u> <u>tunc</u> to January 24, 1994, incorporating its conclusion regarding the $55,000 debt. The wife did not appeal the March 18, 1994 decree.

On July 29, 1994, the husband filed a motion seeking to enforce that part of the final divorce decree. On January 20, 1995, the trial court ordered the wife to comply with the final divorce decree and make payments directly to the husband's parents.

The wife filed a timely appeal from the January 20, 1995 order, contending the trial court did not have jurisdiction to enter an order requiring her to pay debts directly to the husband's parents. The wife further contends that, in ordering her to pay a portion of the $55,000 debt owed to the husband's parents, the trial court failed to give full faith and credit to the final order of the Arlington County Circuit Court and erred by deciding an issue which was <u>res</u> <u>judicata</u>. The wife's final argument on appeal is that the trial court erred by refusing to allow wife's counsel to attach to the January 20, 1995 order, or to proffer, documents allegedly consisting of the record from the action at law filed by the husband's parents in the Arlington

County Circuit Court.

The husband argues that consideration of the wife's questions one and three on appeal is procedurally barred under Rule 5A:25. He contends the formulation of the questions in the wife's brief does not conform to the presentation of the questions in her Statement of Questions Presented. For the purposes of this decision, we shall assume, without deciding, that the requirements of Rule 5A:25 have been met.

The wife argues that the trial court lacked jurisdiction on January 20, 1995 to order her to _pay_ the husband's parents the portion of the $55,000 debt the trial court _apportioned_ to her in its final decree entered March 18, 1994. She contends that the trial court improperly reopened the divorce suit in violation of Rule 1:1. This argument is without merit.

Jurisdiction in divorce suits is governed by statute. _E.g._, _Woolley v. Woolley_, 3 Va. App. 337, 341-42, 349 S.E.2d 422, 425 (1986). Code § 20-107.3(K) gives the trial court "continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section." Pursuant to § 20-107, the trial court, on March 18, 1994, ordered, in part, the equitable distribution and apportionment of the Greenfields' marital debt.[1] Although the trial court did not explicitly order the wife to "pay" her share

_____

[1] Contrary to the wife's contention, in apportioning the parties' marital debt, the trial court did not make equitable distribution of marital property to non-parties.

of the $55,000 debt as apportioned under that same order, it is reasonable to infer that an order of apportionment under the equitable distribution carries with it the intent that the parties "pay" their shares.  Accordingly, it follows that since the subsequent order to pay simply implements the order of apportionment, it does not effect a substantive modification of the previous order in violation of Rule 1:1.  See e.g., Caudle v. Caudle, 18 Va. App. 795, 797-99, 447 S.E.2d 247, 249-50 (1994).

The wife's reliance on the doctrine of res judicata to avoid liability for the debt apportioned to her is likewise misplaced.  During the equitable distribution hearing, the wife argued that the $55,000 debt allegedly owed by the parties to the husband's parents had previously been adjudicated invalid in proceedings brought before the Arlington Circuit Court.  The trial court rejected her argument, denied her motion for reconsideration, and, on March 18, 1994, entered a final divorce decree in which it apportioned as marital debt the $55,000 debt in question.

The wife did not appeal the final decree of divorce.  The issue reaches this Court only on appeal from the trial court's January 20, 1995 order compelling the wife to pay the debt.

Since the wife did not file a timely notice of appeal to the trial court's final decree of divorce, her claim of res judicata

is not properly before us.  Rule 5A:6; <u>see</u> <u>also</u> <u>D'Alessandro v. Commonwealth</u>, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992).[2]

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.

---

[2]Because we find the issue of <u>res judicata</u> has not been preserved for appeal, we decline to decide the issue on the merits.  Nor do we reach the question whether the trial court erred by refusing to allow the wife to attach to the January 20, 1995 order, or to proffer, certain documents purported to be certified copies of the Arlington County law action in which the alleged debt to the husband's parents was at issue.