# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Kenneth Smith

November 23, 1998

Case No. (Criminal) 97-300

BY JUDGE EDWARD L. HOGSHIRE

After sentencing, the Defendant has moved the Court to reconsider its original ruling denying bond pending appeal. After reviewing the authorities submitted by both parties, the Court concludes that it lacks jurisdiction over this matter.

## Discussion of Authorities

The Defendant concedes that more than twenty-one days have elapsed since the Court's sentencing. Therefore, Rule 1:1 would preclude the Court from exercising further jurisdiction over the matter. Defendant responds, however, by pointing out that no written order has been entered denying the bond and that the Court suggested that he could revisit the issue once new counsel was appointed. The plain language of Rule 1:1 and the cases interpreting that provision, however, hold that this Court no longer has jurisdiction over Defendant's case.

Rule 1:1 provides that "[t]he date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge." Therefore, the judgment in this case became final upon the sentencing. In interpreting Rule 1:1, the Supreme Court has noted:

> Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient

to toll or extend the running of the twenty-one-day period prescribed by Rule 1:1 or the thirty-day period prescribed by Rule 5:9. The running of time under those rules may be interrupted only by the entry, within the twenty-one day period after final judgment, of an order suspending or vacating the final order.

*School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989) (citations omitted). The Court of Appeals has also observed: "In order to toll the time limitations of Rule 1:1 and Rule 5A:6(a), it is not sufficient for the trial judge merely to express a desire to consider action or take the issue under advisement; rather, the trial judge must issue an order modifying, vacating or suspending the sentence within twenty-one days of the entry of sentence." *D'Alessandro v. Commonwealth*, 15 Va. App. 163, 167 (1992). Consequently, the Court's suggestion that Mr. Smith revisit the bond issue was insufficient to toll the twenty-one day limitation.

Although the Court need not address the issue since *Scott* and *D'Alessandro* control the disposition of this case, it should be noted that although no written order was entered regarding the bond issue, the Court did deny bond at the sentencing based on the potential dangerousness of the Defendant. It appears that the denial of bond was perhaps omitted from the final order, but this is insufficient to toll the twenty-one day period because the bond issue would be considered a further proceeding in the original case. The Supreme Court has held that Rule 1:1 "concerns further proceedings within the very suit in which a final judgment has been entered." *Niklason v. Ramsey*, 233 Va. 161, 164 (1987). The sentencing order, however, can be modified to reflect the denial of bond.

## Conclusion

For the above-stated reasons, the Court denies the reconsideration motion because it lacks jurisdiction over the case. The Court will, however, enter an order nunc pro tunc to the date of sentencing denying bond in order to allow the Defendant to appeal this decision.