COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


DALL REYNOLDS
                                    MEMORANDUM OPINION[**] BY
v.    Record No. 3012-99-2          JUDGE LARRY G. ELDER
                                       JANUARY 16, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ESSEX COUNTY
                 Joseph E. Spruill, Jr., Judge

         David B. Hargett (Morrissey & Hershner, PLC,
         on brief), for appellant.

         Robert H. Anderson, III, Senior Assistant
         Attorney General (Mark L. Earley, Attorney
         General, on brief), for appellee.


     Dall Reynolds (appellant) appeals from his four bench trial

convictions for distribution of marijuana.  On appeal, he

contends the trial court erred in failing to permit him to

withdraw his guilty pleas.  The Commonwealth contends this issue

is not properly before us on appeal because appellant did not

obtain a stay of the sentencing order or a ruling on his motion

to withdraw the guilty pleas prior to the expiration of

---

     [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

twenty-one days following entry of the sentencing order.  We agree with the Commonwealth and dismiss this appeal.

I.

BACKGROUND

Appellant was indicted on numerous charges of distributing marijuana to minors.  He pled guilty to four counts of distribution in exchange for the Commonwealth's agreement to dispose of the remaining charges by nolle prosequi.  Following preparation of a pre-sentence report, the trial court sentenced appellant to serve fifty years in prison, with forty years suspended, on each of the four convictions.  On November 22, 1999, the trial court entered the sentencing order.

On December 8, 1999, appellant filed a motion asking the trial court to stay or suspend execution of the final order and attached a draft stay order to his request.  Appellant indicated that a motion to withdraw his guilty pleas would accompany the motion to stay and draft order and that all documents would be transmitted to the court by both facsimile and overnight mail.  Appellant informed the court he sought the stay because the court would lose jurisdiction over the matter under Rule 1:1 on December 13, 1999, and appellant had been unable to obtain a date for a hearing on the motion to withdraw his guilty pleas until at least December 22, 1999.

Although appellant's motion to stay and draft order appear to have been filed on December 8, 1999, while the trial court

-

retained jurisdiction over the matter, it is unclear from the record whether the motion to withdraw the guilty pleas was filed before or after December 13, 1999, the date on which the trial court lost jurisdiction to modify, vacate or suspend the sentencing order.[1]  The record on appeal also contains no indication that the trial court acted on appellant's motion to stay or motion to withdraw his guilty pleas prior to its loss of jurisdiction on December 13, 1999.

On December 20, 1999, appellant noted an appeal to this Court.

## II.

## ANALYSIS

Appellant's sole contention before us on appeal is that the trial court committed reversible error in failing to permit him to withdraw his guilty pleas.  Pursuant to Rule 1:1, we hold that appellant's failure to obtain a ruling on this motion requires dismissal of the appeal.

---

[1] The certificate of service attached to the motion to withdraw indicates that appellant mailed a copy of the motion to the Commonwealth's attorney on December 8, 1999.  It does not indicate whether the motion was also filed in the trial court on the same date.  The motion contained in the court's file bears no notation indicating the date of filing.  A cover sheet which was provided by the trial court with the record on appeal but is not a formal part of the record indicates that the motion was not filed until February 28, 2000.  We assume without deciding, for purposes of this appeal only, that appellant's motion to withdraw his guilty pleas was timely filed.

-

Rule 1:1 provides, in relevant part, that "[a]ll final judgments, order, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

> "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of the time . . . may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order."

D'Alessandro v. Commonwealth, 15 Va. App. 163, 166-67, 423 S.E.2d 199, 201 (1992) (quoting Sch. Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (citations omitted)).

Thus, assuming without deciding that appellant timely filed the motion to withdraw his guilty pleas, the mere pendency of the motions to stay and to withdraw on the twenty-first day following entry of the sentencing order did nothing to extend the trial court's jurisdiction. Further, appellant assigns error only to the trial court's "failing to permit [him] to withdraw his pleas of guilty." Because appellant failed to obtain a ruling on the merits of the motion to withdraw his guilty pleas, we have nothing to review on appeal.

-

Appellant contends the trial court's failure to rule on the motions must be considered tantamount to a denial of the motions on the merits for purposes of appeal.  Otherwise, he argues, the circuit court would be "underly empower[ed] . . . with the option to not rule on post-trial motions as a means to forever bar the Defendant from seeking further review of the merits of [such] post-trial motions."  Because appellant was not without a remedy when the trial court failed timely to act on his motions, we disagree.

As the expiration of the twenty-one day period approached, it was appellant's duty either to obtain a ruling from the trial court on one or both motions or to take some action to get the trial court to act on the motion or motions in a timely fashion.  Although the trial court had discretion in determining how to rule on appellant's motions, it lacked discretion in deciding whether to rule on the motions.  The trial court could have granted the stay and ruled on the merits of the motion to withdraw the guilty pleas at a later time, granted the motion to withdraw, or denied the stay based on a determination that the motion to withdraw lacked merit.  If the trial court had taken any of these actions in a timely fashion appellant's right to appeal would have been preserved.  In the absence of such action, however, the record contains no ruling on the merits of appellant's motion, and we have nothing to review on appeal.

-

For these reasons, we dismiss appellant's appeal.

<u>Appeal dismissed.</u>