COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


DENA LYNNE WILLIAMS

v.      Record No. 1801-05-4

MICHAEL LEE WILLIAMS

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
APRIL 11, 2006


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

Stephen A. Armstrong for appellant.

Mark Bodner for appellee.


The trial court entered an order that extended the time for Michael L. Williams to purchase the marital home from his wife, Dena L. Williams. She maintains the order modified the final divorce decree more than twenty-one days after its entry and, thus, the trial court lacked jurisdiction to act. Alternatively, she maintains the trial court abused its discretion by granting an extension of time within which the husband could purchase the marital home. We conclude the trial court had jurisdiction to act and properly exercised its discretion. Accordingly, we affirm.

The parties were married in 1992. In June 2001, the wife filed for divorce, but the case was not heard until July 20, 2004. At the conclusion of the hearing, the judge announced that the husband would have ninety days to purchase the house. The decision was not incorporated into an order until March 15, 2005 when the trial court entered the final decree *nunc pro tunc* to November 15, 2004.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A draft decree had been presented to the court on November 15, 2004, but the judge designate was not available to consider it until March. The decree fixed precise deadlines and allowed the husband until January 17, 2005 to buy the house. If he failed to do so, the wife would have until April 17, 2005 to purchase it. When the decree was entered, the deadline for the husband to act had already passed.

In April 2005, the husband filed a motion to require the wife to convey her interest in the home, and the wife filed a motion to require him to convey it to her. The trial court entered a decree on May 25, 2005 that established new deadlines. It gave the husband until June 15, 2005 to purchase the home and the wife until July 7, 2005.

The husband alleged that the wife had refused to execute the necessary documents at a closing on June 14, 2005. On June 23, the husband filed a motion to compel the wife to appear at closing and execute the required documents. The wife filed a counter motion to compel the husband to convey to her.

The trial court heard the parties' conflicting evidence about the failed closing. It found that the husband had been ready, willing, and able to purchase the house on June 14, 2005 but the wife had refused to execute the necessary documents. The trial court ruled that the husband should be given additional time to complete the purchase because the wife refused to comply with its order of May 25. The wife appeals that order, entered July 15, 2005, which gave the husband an additional sixty days to purchase the home.

The wife argues the trial court erred because it modified the final divorce decree of March 15, 2005 when it gave the husband additional time to purchase the property. Her challenge attacks the decree entered May 25, 2005. However, the wife did not file a timely notice of appeal from that decree. "Rule 5A:6(a) provides that no appeal will be allowed unless a notice of appeal is filed with the clerk of the trial court within thirty days of final judgment.

That rule is mandatory, not directory." D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992).

The decree entered July 15, 2005 also extended the husband's deadline for purchasing the property, but it did not modify the final divorce decree; it enforced the terms of the final decree. The trial court consistently ruled the husband had the first opportunity to purchase the home. When the trial court entered the first decree it fixed specific deadlines to effectuate its decision. Unwittingly, the date for the husband to purchase had passed before the trial court entered its decree establishing the deadlines. The trial court set an updated schedule to correct the oversight.

"The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to . . . [o]rder a date certain for transfer or division of any jointly owned property . . . ." Code § 20-107.3(K). See, e.g., Caudle v. Caudle, 18 Va. App. 795, 797-99, 447 S.E.2d 247, 249-50 (1994) (holding trial court has authority to modify final decree to "effectuate" its expressed intent regarding pension and retirement benefits so long as modification is consistent with substantive provisions of original decree). An extension of time was the only way to preserve the rights decreed in the final decree. Ensuring compliance with its original decree by granting the time extension did not modify the final decree; it enforced it.

The wife also argues the trial court abused its discretion by extending the deadline for the husband to complete his purchase of the property. On appeal, we view the evidence and reasonable inferences in the light most favorable to husband as the party prevailing below. See Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The trial court found that on June 14, 2005, the husband was ready, willing, and able to complete the refinancing of the marital residence pursuant to the terms of the parties' final divorce decree and the subsequent orders extending the time period for the refinancing. The trial court further found that the wife refused to execute the necessary documents on June 14, 2005.

The trial court's factual findings are supported by credible evidence. As the finder of fact, the trial court determines the weight to be given to a witness' testimony, and has the discretion to accept or reject any of that testimony. Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Both parties request attorney's fees incurred in this appeal. We decline to award either party attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

We hold that the trial court properly extended the time for the husband to purchase the marital home in order to prevent the wife from nullifying its earlier decree by refusing to cooperate and execute the documents of title. Accordingly, we affirm.

Affirmed.