COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


BARBARA WELLS
                                                          OPINION BY
v.        Record No. 2200-09-3             JUDGE ROSSIE D. ALSTON, JR.
                                                          MAY 4, 2010
SHENANDOAH VALLEY DEPARTMENT
   OF SOCIAL SERVICES


               FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                           Humes J. Franklin, Jr., Judge

                Brent A. Jackson (Brent A. Jackson & Associates, P.C., on
                brief), for appellant.

                Donald G. Powers, Senior Assistant Attorney General
                (Kenneth T. Cuccinelli, II, Attorney General; David E.
                Johnson, Deputy Attorney General; Kim F. Piner, Senior
                Assistant Attorney General, on brief), for appellee.


        Barbara Wells (appellant) appeals a decision of the circuit court, affirming the Virginia

Department of Social Services' (DSS)[1] determination that she maintained inadequate food at the

Anderson Group Home (AGH).  On appeal, appellant contends she was denied due process of

law, there was insufficient evidence to support the circuit court's decision, DSS failed to follow

its own regulations in reaching its determination, and the circuit court erred in denying

appellant's motion for reconsideration of its decision.  DSS argues this Court is without

jurisdiction to consider appellant's appeal.  For the reasons that follow, we agree with DSS on

the jurisdictional issue and dismiss this appeal.[2]

---

[1] Appellant names Shenandoah Valley Department of Social Services as appellee in this
matter.  The Virginia Department of Social Services correctly notes that it is the proper party,
Code § 2.2-4000 *et seq.*, and that appellant sufficiently identified the state hearing officer's
decision as that from which she appeals.  See Christian v. Va. Dept. of Social Servs., 45
Va. App. 310, 312, 610 S.E.2d 870, 871 (2005).  Accordingly, the Virginia Department of Social
Services defended the matter in the circuit court and does so on appeal.

[2] Accordingly, we do not reach the issues raised in appellant's brief.

## I. BACKGROUND

The record provides the following procedural history. Appellant operates AGH, a group home for troubled youth. Shenandoah Valley DSS, acting on complaints from residents at AGH, performed an investigation, pursuant to Code § 63.2-1505, to determine the adequacy of food provided in the home. On January 11, 2007, the local agency determined there was evidence of physical neglect based on inadequate levels of food.[3] Pursuant to Code § 63.2-1526, appellant requested an administrative hearing to review the local agency's decision. On March 18, 2008, the state hearing officer upheld the local agency's initial determination. On May 7, 2008, appellant petitioned the circuit court for review, pursuant to Code § 2.2-4026.

The circuit court conducted a hearing, and on March 27, 2009, it issued a letter opinion sustaining the hearing officer's determination. On April 9, 2009, appellant filed a motion for reconsideration in the circuit court, asking the court to consider newly discovered evidence. On July 15, 2009, the court heard testimony from appellant's witness regarding the request for reconsideration. At the conclusion of that hearing, the circuit court entered an order incorporating its letter opinion and affirming the decision of the hearing officer. That order reads: "[I]t is therefore, ORDERED AND DECREED that the administrative decision of the Virginia Department of Social Services be, and hereby is, AFFIRMED, and that the Petition for Judicial Review is hereby dismissed from the active docket of this Court." The order was signed by appellant's counsel "seen and objected to."

After entry of the order, appellant sent a letter to the circuit court asking the court to reconsider its determination in light of the testimony presented on July 15, 2009. In response, DSS sent a letter to the court opposing any reconsideration. On September 23, 2009, the court entered an order, noting that it considered the testimony taken on July 15, 2009, and the memorandum letters of each party, and as a result, "the previous ruling by this [c]ourt, set out in

---

[3] The agency's dispostion was "Founded – Physical Neglect (Inadequate Food) – Level Three." The Virginia Administrative Code defines a "Level Three" offense as the least severe, encompassing "those injuries/conditions, real or threatened, that result in minimal harm to a child." 22 VAC 40-700-20(3).

its Order dated July 15, 2009, shall remain in full force and effect." On October 1, 2009, appellant filed this appeal.

## II. ANALYSIS

"No appeal shall be allowed unless, within thirty days after entry of final judgment or other appealable order or decree . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals." Rule 5A:6(a); see also Code § 8.01-675.3 ("a notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree or conviction"). Timely filing of the notice of appeal at the appellate level is mandatory and jurisdictional. See Zion Church Designers & Builders v. McDonald, 18 Va. App. 580, 583, 445 S.E.2d 704, 705-06 (1994); D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992); Mayo v. Dep't of Commerce, 4 Va. App. 520, 522, 358 S.E.2d 759, 761 (1987).

"[A] final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." Super Fresh Food Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002) (citing Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)). The language of the July 15, 2009 order indicates that it was intended to be a final order. That order states:

> For the reasons more fully stated in this Court's letter to counsel dated March 27, 2009, the contents of which are incorporated into this Order as though fully set forth herein, it is therefore, ORDERED AND DECREED that the administrative decision of the Virginia Department of Social Services be, and hereby is, AFFIRMED, and that the Petition for Judicial Review is hereby dismissed from the active docket of this Court.

Appellant argues the July 15, 2009 order was not a final order as the circuit court had before it a pending motion for reconsideration. Further, appellant contends the rules of the Supreme Court of Virginia do not apply to bar this appeal because the case arises under the Virginia Administrative Process Act (VAPA).

Final judgments, orders and decrees "shall remain under the control of the trial court and [may] be modified, vacated, or suspended for twenty-one days after the date of entry and no longer." Rule 1:1. Neither "the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendancy of such motions* on the twenty-first day after final judgment is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." Ruffin, 263 Va. at 560, 561 S.E.2d at 737 (emphasis added). The twenty-one-day period is only tolled after entry of a final order or judgment through entry of an order that "expressly modifies, vacates, or suspends the judgment." Id. at 562, 561 S.E.2d at 738.

Although appellant's motion for reconsideration was pending at the time of the entry of the final order, the circuit court did not purport to take any action whatsoever to modify, vacate or suspend the July 15, 2009 order prior to rendering its ruling on the motion for reconsideration.[4] While we do not doubt appellant's suggestion that there may have been some confusion regarding the status of the matter, there is no question that the July 15, 2009 order was the final order in the case.

Appellant also argues that Rule 1:1 is inapplicable in the instant case because the circuit court was acting as an appellate court under the VAPA. It is true that cases brought before the circuit court under the VAPA are not always bound by the rules of civil procedure. See Broomfield v. Jackson, 18 Va. App. 854, 858, 447 S.E.2d 880, 882 (1994). However, in proceedings involving judicial review of administrative actions under the VAPA, where the agency law does not prescribe a particular procedure, the court action is to be conducted "in the manner provided by the rules of the Supreme Court of Virginia." Code § 2.2-4026. See also Rule 2A:5 (stating that "[f]urther proceedings shall be held as in a suit in equity").

---

[4] Pursuant to Rule 1:1, this matter remained under the control of the circuit court until August 5, 2009 twenty-one days after entry of the order on July 15, 2009. Thus, the September 23, 2009 order denying the motion for reconsideration was a nullity, as the matters under consideration were no longer under the control of the circuit court. D'Alessandro, 15 Va. App. at 167, 423 S.E.2d at 201.

Nothing in Code § 2.2-4029, governing the circuit court's judgment in an action brought under the VAPA, indicates that the court's decision is to be handled in any manner other than that prescribed by Rule 1.1. Accordingly, appeals under the VAPA, like other final judgments of the circuit court, are governed by the provisions of Rule 1:1. Thus, the July 15, 2009 order was the final order in the case, as the circuit court did not purport to modify, vacate, or suspend that order within twenty-one days. Appellant's notice of appeal, filed October 1, 2009, was untimely, as it was filed seventy-nine days after entry of the final order. Rule 5A:6; Code § 8.01-675.3.

### III. CONCLUSION

For the foregoing reasons, we conclude this Court does not have jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

<u>Dismissed.</u>