COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Raphael and Callins
Argued by teleconference

PUBLISHED

MICHAEL A. DOBSON

v.      Record No. 0302-22-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE STUART A. RAPHAEL
FEBRUARY 7, 2023

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

Michael Dobson, *pro se*.

Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


In 1998, Michael A. Dobson was sentenced to 58 years' incarceration after a jury found him

guilty of first-degree murder and related firearms offenses. In May 2021, Dobson moved the trial

court to vacate or reduce his sentence. We affirm the trial court's decision that it lacked jurisdiction

to revisit the 1998 sentencing order.

BACKGROUND

In February 1998, a jury in the Circuit Court of the City of Petersburg found Dobson guilty

of first-degree murder, in violation of Code § 18.2-32; using a firearm while committing murder, in

violation of Code § 18.2-53.1; and possessing or transporting a firearm after having been convicted

of a felony, in violation of Code § 18.2-308.2. In July 1998, the circuit court accepted the jury's

sentencing recommendations, ordered the sentences to run consecutively, and imposed a total

sentence of 58 years' incarceration.

Dobson was transferred at some point to the custody of the Department of Corrections.  The record is silent, however, about the date of his transfer.  He is currently an inmate at Red Onion State Prison.

In May 2021, Dobson moved the circuit court to set aside or modify his sentence.  Dobson's motion included several claims.  He requested resentencing, invoking the 2020 amendments to Code § 19.2-295.1, effective July 1, 2021.  2020 Va. Acts, Spec. Sess. I, ch. 43.[1]  Dobson's motion also recited that he had filed a separate motion under Code § 19.2-303.01, seeking a sentence reduction for providing substantial assistance to the Commonwealth.[2]  Dobson further argued that his sentence was too harsh and that he should have been sentenced at "the low end of the Sentencing Guidelines."  He urged that he had been an "outstanding inmate," had "successfully completed a [s]ubstance [a]buse program," and had "helped write and illustrate a relapse prevention plan."  He said that his recidivism risk was low.  In the alternative to seeking a new trial on sentencing, Dobson asked that the "rest [of his time] be suspended, which would allow the sentence to stand only modified."

The Commonwealth filed a response arguing, among other things, that the court lacked jurisdiction to grant the relief requested because his sentencing order had become final under Rule

---

[1] The 2020 amendments entitle a defendant to request that a jury determine the defendant's guilt or innocence but that the court fix the punishment.  2020 Va. Acts, Spec. Sess. I, ch. 43.  The language in Code § 19.2-295.1 on which Dobson relied for his motion was already in the statute:

> If the sentence imposed pursuant to this section is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in § 19.2-257, that the court shall fix punishment.

[2] That separate motion does not appear in the record, but we will assume that his May 2021 motion sufficed to encompass Dobson's argument under Code § 19.2-303.01.

1:1.  It also argued that a sentence reduction under Code § 19.2-303.01 is available only on motion of the Commonwealth's Attorney, not the offender.

On June 14, 2021, the trial court denied Dobson's motion "[f]or the reasons stated in the Commonwealth's response."  The order recited that "this matter is ended and removed from the Court's Docket."  On June 28, 2021, Dobson filed a motion for reconsideration and a motion to amend, seeking to add a "*Fishback* claim."  Before the court acted on that motion, however, Dobson filed a notice of appeal on July 1, 2021.

ANALYSIS

Dobson's assignments of error consist of three handwritten pages.[3]  Although the assignments air several grievances, we discern these to be his two most significant claims: (1) he is entitled to resentencing under the 2020 amendment to Code § 19.2-295.1 on the theory that, under *Fishback v. Commonwealth*, 260 Va. 104 (2000), the jury should have been instructed at his trial in 1998 that Virginia had abolished parole;[4] and (2) his sentence should be reduced, as provided in Code § 19.2-303.01, because he assisted the Commonwealth with a criminal investigation.  We affirm the trial court's decision dismissing his motion, however, because the court lacked jurisdiction to revisit the July 1998 sentencing order.

"In a criminal case, the final order is the sentencing order."  *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020); *see also Jefferson v. Commonwealth*, 298 Va. 473, 476 (2020) ("In the criminal context, this Court has held that a sentencing order is a final order . . . .").  A final order

---

[3] After the Court advised Dobson that his opening brief, filed May 23, 2022, did not comply with multiple subsections of Rule 5A:20, Dobson filed an amended opening brief on June 9, and an addendum on June 13, 2022.  We treat these later filings as his opening brief.

[4] *Fishback* held "that juries shall be instructed on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995, and that this new rule . . . is limited to cases not yet final on June 9, 2000."  *Commonwealth v. Jerman*, 263 Va. 88, 91 (2002).  To preserve a claim for *Fishback* relief, however, the defendant must have raised a timely objection at trial to the court's failure to give such an instruction.  *Id.* at 93-94.

generally remains under the trial court's control for 21 days. Rule 1:1(a). While Code §§ 19.2-303 and -303.01 provide limited exceptions to that 21-day rule, neither statute applies here.[5]

### A. Rule 1:1

Under Rule 1:1(a), "All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." That rule is "mandatory in order to assure the certainty and stability that the finality of judgments brings. Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002). Although the 21-day period prescribed by Rule 1:1 may be interrupted by an order modifying, vacating, or suspending the final order, such an order must be entered within 21 days. *Id.* at 560. Otherwise, "the twenty-one day time period is not interrupted, and the case will no longer be under the control of the trial court when the original twenty-one day time period has run." *Id.* at 562. "Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." *Id.* at 560.

---

[5] Between August 2021 and January 2022, while Dobson's appeal was pending here, Dobson filed several other motions in the trial court. *But see* Rule 1:1B(a)(3) (limiting the circuit court's jurisdiction to consider motions filed after the notice of appeal has been filed—and more than 21 days after the final order—to those circumstances specified in subsections (A) through (H)). On January 24, 2022, the trial court entered three orders summarily denying Dobson's "motion for reconsideration," his "motion for relief," and his "motion to set aside sentence based on *Fishback* claim." On February 14, 2022, Dobson filed a separate notice of appeal as to those rulings too. Our conclusion that the circuit court lacked jurisdiction to revisit the 1998 sentencing order makes it unnecessary to address those additional motions, which the trial court was also without jurisdiction to consider.

*B. Code § 19.2-303*

Dobson's motion in the trial court included an alternative request that the remainder of his sentence be "suspended," allowing the sentence to stand as "modified." Code § 19.2-303 extends a trial court's jurisdiction beyond the 21 days specified in Rule 1:1 to consider a motion to suspend or modify a criminal sentence. The duration of that extended jurisdiction depends on whether the defendant is sentenced to jail or prison. "If a person is sentenced to jail upon conviction of a misdemeanor or a felony, the court may, *at any time before the sentence has been completely served*, suspend the unserved portion of any such sentence . . . or otherwise modify the sentence imposed." Code § 19.2-303 (emphasis added). But if the defendant "has been sentenced for a felony to the Department of Corrections," *id.*, the trial court's ability to revisit the sentence is more limited. As the statute currently reads,

> the court that heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time [1] *before the person is transferred to the Department*, or [2] *within 60 days of such transfer*, suspend or otherwise modify the unserved portion of such a sentence.

*Id.* (emphasis added).[6]

The version of the statute in effect in 1998, when Dobson was sentenced, terminated the trial court's jurisdiction to review a felony sentence when the inmate was "transferred to the Department." *See* 1993 Va. Acts ch. 448 (amending Code § 19.2-303). The clause extending the trial court's jurisdiction for 60 days after such transfer was added in March 2021, effective July 1, 2021. *See* 2021 Va. Acts, Spec. Sess. I, ch. 176; Code § 1-214(B). Under either version of the

---

[6] Although neither party cited Code § 19.2-303 on brief, the Commonwealth acknowledged at oral argument that this statute controls over Rule 1:1 in determining whether the trial court had jurisdiction to consider Dobson's motion to modify his sentence. Of course, "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." *Holden v. Commonwealth*, 26 Va. App. 403, 407 (1998) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)).

statute, however, Dobson failed to establish that the circuit court retained jurisdiction to consider his motion to vacate or modify his sentence.

Before the 2021 amendment to Code § 19.2-303, this Court consistently held that a defendant moving to modify his criminal sentence must show that he remained in local custody and had not been transferred to the Department of Corrections. *See Stokes v. Commonwealth*, 61 Va. App. 388, 393 (2013) ("The burden is on the appellant, as the moving party, to prove that the trial court had jurisdiction to hear the matter by showing either that twenty-one days had not elapsed and thus the sentencing order was not yet final, or that the defendant had not been transferred to the custody of the Department of Corrections . . . ."); *Harris v. Commonwealth*, 57 Va. App. 205, 212 (2010) (same); *D'Alessandro v. Commonwealth*, 15 Va. App. 163, 168 (1992) (same). We repeatedly held that the trial court lacked jurisdiction over a motion filed more than 21 days after the final order when the defendant failed to make that showing. *See Ziats v. Commonwealth*, 42 Va. App. 133, 139 (2003); *D'Alessandro*, 15 Va. App. at 168. We explained in *Ziats*, for instance, that "[f]aced with a silent record," we could not "say that the trial court had jurisdiction to modify" the sentencing order. 42 Va. App. at 139; *see also D'Alessandro*, 15 Va. App. at 168 ("In the absence of proof that [the defendant] had not been transferred to the custody of the Department of Corrections, [the defendant] failed to prove on this record that the trial judge had authority to act and that her appeal was timely.").

While the 2021 amendment to Code § 19.2-303 extends a circuit court's jurisdiction to suspend or modify a felony sentence until 60 days after the defendant's transfer to the Department of Corrections, it did not alter the defendant's obligation to plead and prove facts establishing the circuit court's jurisdiction. "When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so

explicitly." *Weathers v. Commonwealth*, 262 Va. 803, 805 (2001).  The legislature has not explicitly or even implicitly countermanded our repeated rulings that the defendant bears the burden of establishing the jurisdictional facts to invoke the extended-jurisdiction provisions of Code § 19.2-303.  Thus, "the General Assembly has not rejected or modified judicial interpretation of the statute in issue." *Cochran v. Commonwealth*, 258 Va. 604, 607 (1999).

In short, Dobson failed to establish that the circuit court retained jurisdiction under Code § 19.2-303 to suspend or modify his sentence.  So the court did not err in dismissing Dobson's motion.

### C.  Code § 19.2-303.01

Another statutory exception to the 21-day finality rule is available to a defendant who, "after entry of the final judgment order, provided substantial assistance in investigating or prosecuting another person."  Code § 19.2-303.01.  In that instance, "upon motion of the attorney for the Commonwealth, the [trial] court may reduce the defendant's sentence," "[n]otwithstanding any other provision of law or rule of court." *Id.*[7]  We held in *Holloway v. Commonwealth*, 72 Va. App. 370 (2020), that the *notwithstanding* clause means what it says.  That clause empowered the circuit court there to reduce the defendant's sentence to less than the mandatory-minimum sentence mandated by a different statute. *Id.* at 377-78.  The *notwithstanding* clause likewise overrides the 21-day limitation in Rule 1:1(a).

Nonetheless, Dobson was not entitled to the benefit of this statute because the motion to reduce Dobson's sentence was not filed by "the attorney for the Commonwealth."  Code § 19.2-303.01.  Dobson filed the motion himself.  Indeed, the Commonwealth's Attorney *opposed*

---

[7] Before reducing a sentence for substantial assistance to the Commonwealth, the court must consider five factors, and the rule imposes additional restrictions on the trial court's authority if the motion comes more than one year after the defendant was sentenced. *See* Code § 19.2-303.01.

Dobson's motion, noting that the Commonwealth was unaware "of any assistance the defendant has rendered in other matters that merit a reduction in his sentence." Thus, the trial court did not err in finding that it lacked jurisdiction over this part of Dobson's motion.[8]

## CONCLUSION

The circuit court correctly concluded that it did not have subject matter jurisdiction to consider Dobson's challenges to the 1998 sentencing order.

*Affirmed*.

---

[8] Dobson has also filed a motion here, ostensibly under Code § 19.2-303.01(d), asking that we order the Commonwealth to provide him with mental health treatment. Because subsection (d) does not grant us that authority, and because we affirm the trial court's conclusion that it lacked jurisdiction to adjudicate his claim, we deny that motion.