COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and White

ATHENA M. LAXAMANA-PASCUA

MEMORANDUM OPINION*
v.      Record No. 1327-22-2                                    PER CURIAM
                                                               JUNE 13, 2023
JIMMUEL D. PASCUA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
M. Duncan Minton, Jr., Judge

(Henry W. McLaughlin; Law Office of Henry W. McLaughlin, P.C.,
on brief), for appellant.

No brief for appellee.

Athena Laxamana-Pascua appeals an order entered by the Chesterfield County Circuit

Court on August 3, 2022, dismissing her petition for a protective order under Code § 16.1-279.1.

Laxamana-Pascua argues that the circuit court erred by dismissing the action based on a failure

of service of the notice of appeal on the appellee, Jimmuel Pascua, and by failing to grant her

post-trial motion to reconsider the dismissal. The record on appeal does not show any objection

by Laxamana-Pascua to the circuit court's August 3 decision until 16 days later, when she filed

the post-trial motion. Nor does the record contain a ruling by the circuit court on the post-trial

motion. Because Laxamana-Pascua failed to preserve the assigned errors under Rule 5A:18, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

Laxamana-Pascua filed a petition for a protective order in the Chesterfield County Juvenile and Domestic Relations District Court (the JDR court) in January 2022. In support of the petition, Laxamana-Pascua submitted an affidavit in which she claimed that her father, Pascua, posed a danger to her, her mother, and her younger siblings. Laxamana-Pascua claimed that she and Pascua had an argument in November 2021, and Pascua's behavior during the altercation caused Laxamana-Pascua to fear for her life. The JDR court entered a preliminary protective order based on the affidavit and ordered a full hearing to be conducted on January 28, 2022.

Due to uncertainty about Pascua's whereabouts, Laxamana-Pascua and the JDR court had difficulty serving the preliminary protective order and notice of hearing on him. According to statements Laxamana-Pascua filed with the JDR court, Pascua moved multiple times between late 2021 and early 2022 and may have traveled internationally during that period. The JDR court continued the proceedings three times due to failure of service on Pascua before finally conducting a hearing with both parties present in July 2022. At the final hearing, the JDR court entered an order denying the protective order and dismissing the case.

Laxamana-Pascua appealed to the Chesterfield County Circuit Court, which scheduled a hearing for August 3, 2022. At the hearing, Laxamana-Pascua appeared, but Pascua did not. By order entered on August 3, 2022, the circuit court dismissed the case. A handwritten note on the order reads "NO SERVICE ON RESPONDENT."

On August 19, 2022, Laxamana-Pascua filed a motion by counsel requesting that the court reconsider its August 3 order.[1] Laxamana-Pascua argued that she should not bear responsibility for the failure of service on Pascua because the "usual practice" of courts not of record in Virginia upon receiving a notice of appeal is that the clerk's office of that court either sends a notice of hearing date to the appellee, or "sends notice that the court of record will send a notice for a court date." According to the motion, Laxamana-Pascua's counsel reviewed the case papers on file with the circuit court, but "was unable to confirm from those papers that the usual practice . . . was or was not followed." The record contains no ruling by the circuit court on Laxamana-Pascua's post-trial motion.

On appeal, Laxamana-Pascua assigns error to the circuit court's August 3 order dismissing the case due to the lack of service on Pascua, and the circuit court's failure to grant Laxamana-Pascua's post-trial motion. As proof that she preserved her assignments of error, Laxamana-Pascua cites only to her post-trial motion. Laxamana-Pascua has not submitted a transcript of the August 3 hearing, or a written statement of facts in lieu of a transcript describing the proceedings. The record on appeal does not contain any objection by Laxamana-Pascua to the circuit court's decision other than her post-trial motion.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred" as the appellant alleges. *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). Without a sufficient record, "we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

---

[1] Laxamana-Pascua was not represented by counsel at the August 3 hearing, but retained counsel afterward.

- 3 -

A transcript of any proceeding or a written statement of facts in lieu of a transcript becomes part of the record if filed in the trial court clerk's office within 60 days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

We lack the tools to assess the merits of Laxamana-Pascua's claim that the circuit court erred in dismissing her petition for a protective order because the record before this Court does not contain a transcript of the August 3, 2022 hearing or a written statement of facts in lieu of a transcript. With no record of the arguments Laxamana-Pascua made or the positions she took (or possibly abandoned) at the August 3 hearing, we cannot know whether she presented the specific arguments to the circuit court which she advances on appeal. *See* Rule 5A:18 (requiring that an appellate court consider only arguments that were timely raised in the trial court). We also have no way to evaluate whether her appellate argument repudiates a position that she may have taken in the circuit court. *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions throughout the course of litigation).

We conclude that a transcript, or a written statement of facts in lieu of a transcript, from the August 3 hearing is indispensable to deciding Laxamana-Pascua's first assignment of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Accordingly, Laxamana-Pascua's arguments related to her first assignment of error are waived. Rule 5A:8(b)(4)(ii).

With respect to the second assignment of error, Laxamana-Pascua argues that the circuit court "erred in denying on August 23, 2022" her motion to reconsider, but the record contains no

order ruling on Laxamana-Pascua's post-trial motion. The circuit court's jurisdiction to rule on the motion to reconsider expired 21 days after the final order was entered on August 3. Rule 1:1(a). "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment, is sufficient to toll or extend the running of the [21] day time period of Rule 1:1.'" *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). "The [21]-day period is only tolled after entry of a final order or judgment through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" *Id.* (quoting *Ruffin*, 263 Va. at 562).

Notwithstanding Laxamana-Pascua's timely-filed motion to reconsider, the circuit court did not rule on her motion within 21 days of entry of the final order and lost jurisdiction to do so. *See Bailey v. Commonwealth*, 73 Va. App. 250, 261 (2021) (noting that a circuit court lost jurisdiction and was "without authority to act" on post-trial motions 21 days after the entry of the final order). "Because appellant did not obtain a ruling from the trial court on [her post-trial] motion, 'there is no ruling for [this Court] to review' on appeal, and [her] argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (second alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.